UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,        Crim. No.: 14-20805
                                    Honorable John Corbett O'Meara
v.                                Magistrate Judge Elizabeth A. Stafford

ALONZO RAY LINLEY,

          Defendant.
_____/

## ORDER DENYING THE GOVERNMENT'S MOTION TO REVOKE DEFENDANT LINLEY'S BOND, AND AMENDING THE CONDITIONS OF RELEASE

The government filed a motion to revoke Defendant Alonzo Ray Linley's bond, which was imposed on November 27, 2014. [16]. The Honorable John Corbett O'Meara referred the motion to this Court for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). A hearing was held on February 24, 2015, at which time the Court denied the government's motion but amended Linley's bond conditions.

The complaint against Linley indicated that, on November 19, 2014, Detroit Police Officers found him to be in possession of a firearm, marijuana, plastic bags and a digital scale. Linley was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). [1]. Magistrate Judge David R. Grand held a detention hearing on December 5,

2014, and released Linley on a $10,000 unsecured bond. [8-9]. Thereafter, Linley was indicted for being a felon in possession of a firearm, as well as for possessing with intent to distribute marijuana (21 U.S.C. § 841) and possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)). [10].

On January 24, 2015, Linley was arrested by the Dearborn Heights police department for operating a vehicle under the influence of alcohol and driving with a suspended license. The following day, which was a Sunday, Linley called his pretrial services officer, Allison Bowers, and left her a voicemail message indicating that he had a law enforcement contact. Officer Bowers tried calling Linley, but he did not return her call. He did report as directed on February 10, 2015, and admitted after some prodding that his arrest was for operating while under the influence of alcohol. As a result of the arrest, Judge O'Meara amended Linley's bond to require that he refrain from alcohol, and Linley was placed on a random alcohol monitoring program. [15].

In its motion, the government alleges that Linley's bond should be revoked because: (1) now that he has been indicted for violating § 924(c), he is presumed to be a flight risk and a danger to the community under 18 U.S.C. § 3142(e)(3)(B); and, (2) when driving under the influence of

alcohol, he violated the condition of his bond that he "not commit any offense in violation of federal, state, or local law." [8, Pg ID 11].

This Court will not consider the fact that the government indicted Linley for violating § 924(c) after he was released on bond as a basis for detaining him. The facts underlying the § 924(c) charge were known to the government and incorporated in the complaint when it was filed, and it would be ill-advised to consider that more severe charge as a basis for revoking Linley's bond. *See United States v. Andrews*, 633 F.2d 449 (6th Cir. 1980) (en banc) (decision to charge defendants more severely after they were released on bond raised possibility of prosecutorial vindictiveness). The Court hastens to note that it does not believe that the government acted vindictively; government counsel asserts that she advised Judge Grand at the original detention hearing that Linley might be indicted for violating § 924(c), and defense counsel did not dispute that assertion. Nonetheless, caution in not prejudicing Linley by detaining him based upon the subsequently imposed § 924(c) charge is warranted.

There is, however, probable cause to believe that Linley operated a vehicle under the influence of alcohol, in violation of the condition of his release that he not violate state law. Pursuant to 18 U.S.C. § 3148(b), when a defendant violates a condition of pretrial release, a judicial officer

3

may amend the conditions of release if such conditions will assure that the defendant will not be a flight risk or danger to the community.

The Court does not believe that Linley presents a risk of flight because he called Officer Bowers the day after he was arrested and reported his police contact; he has ceased using marijuana, although he previously used it daily; and he appeared for the hearing on February 24 despite facing the possibility of being detained.  Linley does present a danger to the community, but home detention with radio frequency monitoring (in addition to the previously imposed conditions) would minimize the risk to the community.  While under home detention, Linley may leave his residence only for verified work, court and medical purposes.  Additionally, Linley must report as directed three times per month as a result of the condition requiring him to participate in a random alcohol monitoring program.

Accordingly, the Court **DENIES** the government's motion to revoke Linley's detention, and **AMENDS** the conditions of his release as set forth above.

**IT IS SO ORDERED.**

Dated: February 24, 2015  　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan  　　　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2015.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager